LEWIS PIERCE, and others, *vs.* JOHN AYER, and others.

Kennebec.     Opinion June 1, 1895.

*Mortgage. Railroad. Possession.*

In a writ of entry the following facts appeared:— July 1, 1871, the Somerset Railroad Company made a mortgage of its franchise and railroad property to trustees to secure the payment of bonds. The trustees under the mortgage brought suit to recover possession of all the property embraced in that mortgage. It was brought against various servants and officers of the Somerset Railway. The conditions of the mortgage having been broken, the mortgage bond-holders in 1883, organized a new corporation, under the statute, by the name of the Somerset Railway; and that corporation, in accordance with the statute, took possession of all the mortgaged property on the first day of September, 1883, and has ever since retained possession and operated the road. On the eighth day of July, 1884, it purchased, at execution sale, the equity of redemption from the mortgage, from which sale no redemption has been had.

*Held;* that by the statute, the Somerset Railway represents all the mortgage bond-holders, and its title to and possession of the mortgaged property enures to their benefit. Having acquired the equity of redemption, once held by the mortgagor, there is no occasion for a foreclosure of the mortgage. The cestuis que trustent under the mortgage, and the real owners, now that the equity of redemption from the mortgage has been acquired, have a sufficient title to the property;— and being in undisturbed possession and use of the same,— the trustees, who have no beneficial interest, cannot maintain an action to dispossess them.

See *Somerset Railway* v. *Pierce,* ante, 86.

This was a writ of entry to recover that portion of the road-bed, railroad, rolling stock and appurtenances of the Somerset Railroad Company, situate in the county of Kennebec, being all that part of said railroad and appurtenances situate in the county of Kennebec; a similar writ of entry being brought at

the same time in the Supreme Judicial Court of Somerset county to recover that part of said railroad and its appurtenances situate in said Somerset county.

Writ dated December 3, 1892.

The plaintiffs' title arises under the mortgage given by the Somerset Railroad Company on July 1, 1871, to Lewis Pierce, Daniel Holland and Stephen D. Lindsey, duly recorded in the registries of both counties.

It was admitted that Stephen D. Lindsey died on April 28, 1884, and Daniel Holland on May 5, 1890; that in August, 1890, proceedings were commenced by the town of Anson and others in the Supreme Judicial Court, in equity, sitting in the county of Kennebec, for the appointment of new trustees to fill the vacancies existing under said mortgage by the deaths of said Lindsey and said Holland, of which notice was duly given, and the Somerset Railway, and its Trustees, E. F. Webb and E. R. Drummond, appeared and filed demurrers and at the same time answers to the bill in equity of said town of Anson and others; that evidence was taken by the respective parties and the case was reported to the law court, which sustained the bill and directed the appointment of trustees at nisi prius; and that at the October Term of the Supreme Judicial Court, 1892, in Kennebec county, said Herbert M. Heath was duly appointed a trustee under said mortgage of July 1, 1871, in place of said Stephen D. Lindsey, and said Franklin M. Drew as trustee in place of said Daniel Holland, under said mortgage. Conveyance was made by Lewis Pierce in accordance with the decree. These writs of entry were brought by said trustees to recover said railroad property at the next term of court in each of said counties, following their appointment as aforesaid, against the persons claimed by said trustees to be found in the actual possession and control of said road.

The plaintiffs' counsel are in possession of bonds issued under the mortgage of July 1, 1871, amounting to $74,800, owned by the parties defendant in the equity suit as appears therein, with the coupons annexed, and it was admitted that there are in all $110,600 of such bonds still outstanding and unpaid. If the

plaintiffs were entitled to recover conditional judgment only in said writs of entry, they claimed to recover for said $110,600 of bonds and the amount due on the coupons thereon, and no more. If they were entitled to a judgment at common law, the amount of damages for rents, profits and income, were to be assessed at nisi prius. If entitled to neither form of judgment, then judg-- ment is to be entered for defendants ; or such other judgment as the court shall direct.

The facts and evidence in the suit in equity brought by the Somerset Railway against said Lewis Pierce and als., ante p. 86, made a part of the evidence in this suit, so far as legally admissible, for either party ; and upon such other evidence as either party may take and file if legally admissible ; and this suit was entered and argued at the same term and time as said equity suit. It was agreed also, that such judgments should be entered in both suits, upon so much of the evidence as may be legally admissible, as shall be in accordance with the law of the cases and the legal rights of the parties ; the judgment in the action at law to be subject, so far as the Court may determine, to any decree in the equity suit. The suit in Somerset county to abide the result of this suit, and to be so entered on that docket.

*D. D. Stewart; N. and H. B. Cleaves; H. M. Heath and O. A. Tuell*, for plaintiffs.

*Edmund F. and Appleton Webb; J. H. and J. H. Drummond, Jr.*, for defendants.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

STROUT, J. This is a writ of entry. On July 1, 1871, the Somerset Railroad Company made a mortgage of its franchise and railroad property to trustees to secure the payment of bonds. The trustees under the mortgage bring this suit to recover possession of all the property embraced in that mortgage. It is brought against various servants and officers of the Somerset Railway. The conditions of the mortgage having been broken, the mortgage bond-holders in 1883 organized a new corporation, under

the statute, by the name of the Somerset Railway; and that corporation in accordance with the statute took possession of all the mortgaged property on the first day of September, 1883, and has ever since retained possession, and operated the road. On the eighth day of July, 1884, it purchased, at execution sale, the equity of redemption from the mortgage, from which sale no redemption has been had. By the statute, the Somerset Railway represents all the mortgage bond-holders, and its title to and possession of the property described in the mortgage enures to their benefit. Having acquired the equity of redemption, once held by the mortgagor, there is no occasion for a foreclosure of the mortgage. The cestuis que trustent under the mortgage, and the real owners, now that the equity of redemption from the mortgage has been acquired, have a sufficient title to the property; and being in undisturbed possession and use of the same, the trustees, who have no beneficial interest, cannot maintain an action to dispossess them.

The rights of all parties are fully discussed and determined in the case of *Somerset Railway, in equity,* v. *Lewis Pierce, et als.,* argued with this case. Another suit to recover possession of the property is pending in Somerset county, which, by the agreement of parties, is to abide the result in this. According to the terms of the report, the entry in this suit and in the Somerset suit must be,

*Judgment for defendants.*